<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 03-1667**

BURLINGTON INDUSTRIES, INCORPORATED,

Plaintiff - Appellant,

v.

SOLUTIA, INCORPORATED,

Defendant - Appellee.

**No. 03-1854**

BURLINGTON INDUSTRIES, INCORPORATED,

Plaintiff - Appellant,

v.

SOLUTIA, INCORPORATED,

Defendant - Appellee.

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro. Frank W. Bullock, Jr., Senior District Judge. (CA-01-741-1)

Submitted: January 12, 2009     Decided: February 9, 2009

Before NIEMEYER, SHEDD, and AGEE, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

———————

James Conrad Adams, II, Mack Sperling, James Thomas Williams, Jr., BROOKS, PIERCE, MCLENDON, HUMPHREY & LEONARD, Greensboro, North Carolina, for Appellant. John David Norris, Henry A. Petri, Jr., HOWREY, LLP, Houston, Texas; William Kearns Davis, BELL, DAVIS & PITT, PA, Winston-Salem, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Burlington Industries, Inc., noted these appeals from the district court's orders granting summary judgment for Solutia, Inc., on Burlington's complaint. Solutia has moved to transfer the appeals to the United States Court of Appeals for the Federal Circuit, asserting that this is a patent case and federal jurisdiction is based upon 28 U.S.C. § 1338 (2006).

Our review of the motion, the response, and the parties' materials submitted in support of their positions leads us to conclude that Burlington's complaint asserted claims based on breach of the Consent Decree/License Agreement, rather than on infringement of Burlington's patents. Because none of the claims asserted in the complaint "aris[e] under" federal patent law or require the resolution of a substantial question of federal patent law, we deny the motion to transfer these appeals to the Court of Appeals for the Federal Circuit. See 28 U.S.C. § 1338(a); Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808-10 (1988). In light of our determination that Burlington's complaint did not arise under federal patent law, we further find that the district court did not properly exercise § 1338 jurisdiction over the case. Accordingly, we vacate the district court's orders and remand this case to the district court with instructions to remand the case back to state court. We dispense with oral argument because the facts

3

and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED